IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Harold A. Crozin, Trustee | : | |
| Plaintiff | : | Civil Action 2:10-cv-00581 |
| | : | Judge Frost |
| v. | | |
| | : | Magistrate Judge Abel |
| Crown Appraisal Group, Inc., Andrew J. Moye, Steve Bolton, | : | |
| | : | |
| Defendants | : | |

| | | |
|---|---|---|
| | : | |
| IPofA Columbus Works 1, LLC, John Doherty, Manager,) John Doherty individually, *et al.,* | : | |
| | : | |
| Plaintiffs | | Civil Action 2:10-cv-00764 |
| | : | |
| v. | | Judge Frost |
| | : | |
| Crown Appraisal Group, Inc., Andrew J. Moye, Steve Bolton, | | Magistrate Judge Abel |
| | : | |
| | : | |
| Defendants | | |
| | : | |

**ORDER DENYING RECONSIDERATION**

On June 9, 2011, Defendants filed a motion for a protective order and for sanctions (Docs. 34, 86). They argued that, although the Preliminary Pretrial Order had set a simultaneous expert disclosure deadline of March 18, 2011 (later extended

1

until April 21, 2011), and Defendants produced their expert reports on that date, Plaintiffs failed to produce their expert report on damages ("economic loss report"), but rather stated that it would be forthcoming in two weeks.  Furthermore, they argued, Plaintiffs produced an expert report concerning the professional adequacy of the appraisal at issue in this litigation ("appraisal report"), which failed to meet the required standard under Fed. R. Civ. P. 26(a)(2)(B).  The appraisal report further stated that "a more detailed review and discussion" would be forthcoming later.  Defendants moved pursuant to Fed. R. Civ. P. 37(c) for an order barring Plaintiffs from presenting any evidence on economic loss, from presenting the appraisal report or any other expert testimony on the appraisal, and granting Defendants an award of monetary sanctions.

On June 20, 2011, the Magistrate Judge issued an order denying Defendants' motion for a protective order and for sanctions (Docs. 34, 86), on grounds that "defendants' counsel failed to 'include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make... discovery in an effort to obtain it without court action.'  Rule 37(a)(1), Fed. R. Civ. P."  (Doc. 102 at 1-2.)[1]  The Magistrate Judge specifically noted that "defendants' counsel made no informal efforts to resolve" a "readily resolvable dispute" concerning the finalization of experts' reports.  (*Id.* at 2.)

---

[1] The Order of June 20, 2011 also addressed Defendants' motion to compel interrogatory responses (Docs. 35, 87).  Defendants have not addressed this denial in their Motion for Reconsideration.

2

Defendants have filed a motion for reconsideration of this order by the District Judge, pursuant to 28 U.S.C. §636(b)(1)(A) and Fed. R. Civ. P. 72(a). (Doc. 104.) They reiterate their argument that Plaintiffs have, as yet, failed to produce an expert report on economic loss, and argue that they have been prejudiced by the ability of Plaintiffs to review Defendants' report before producing their own, thwarting the purpose of scheduling simultaneous disclosures:

> As of today's date, over 60-days past the Court's deadline and approximately two months from the discovery deadline, no report of any kind from Mr. Renas has been provided. Additionally, having ignored this Court's expert deadline, the Doherty Plaintiffs have created the situation that the Court specifically sought to avoid with its simultaneous expert disclosure: the Doherty Plaintiffs have now had 60-days – and counting – to review and analyze Crown's expert reports and thus tailor their own reports in an effort to refute Crown's experts. Under these circumstances, there are no "informal discussions" that could or can fix this situation as the Magistrate suggested. In other words, there is no "putting the toothpaste back in the tube."

(Doc. 104 at 4.) Defendants further reiterate their argument that the appraisal report, for its part, "falls so far short of the Federal Rules of Civil Procedure requirements regarding such reports, that it cannot be considered an expert report." (*Id.*) They criticize Plaintiffs again for obtaining "an advance preview of Crowns' expert reports while submitting admitted 'preliminary', incomplete" reports of their own. (*Id.* at 6.)

Defendants' insistence that conducting "informal discussions" was the misguided notion of the Magistrate Judge, who has now "rewarded the Doherty Plaintiffs for their insolence" is erroneous. Fed. R. Civ. P. 37(a)(1) states that any

3

motion under this rule "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  This is no idle formality or technical requirement.  The Local Rules of the Southern District of Ohio mandate that "[o]bjections, motions, applications, and requests relating to discovery *shall not be filed in this Court*, under any provision in Fed. R. Civ. P. 26 and 37 unless counsel have first exhausted among themselves all extrajudicial means for resolving the differences." S. D. Ohio Civ. R. 37.1, emphasis added.  Furthermore, they state that "[t]o the extent that extrajudicial means of resolution of differences have not disposed of the matter," parties may file motions under Rule 37, although "[s]uch motion shall be accompanied by a supporting memorandum and by a certification of counsel setting forth the extrajudicial means which have been attempted to resolve differences." S. D. Ohio Civ. R. 37.2.  Failure to include such certification that the movant has attempted to resolve the controversy without recourse to the immediate filing of a motion is grounds, as the Magistrate Judge correctly found, for rejection of the request on its face.

      Nevertheless, Defendants argue that any such discussions would have been futile, and that the injury occasioned by Plaintiffs' failure to produce a timely economic loss report or adequate appraisal report was, in essence, immediate and irreparable.  However, Defendants' complaints on these matters are either premature or inapposite.  They argue that Plaintiffs failed to abide by the Rule 26(a)(2) expert witness disclosure deadline established in the Court's case schedule.

4

However, a failure to disclose an expert and his report is not itself an "insolent" violation of the scheduling order. No party is required to retain an expert. Nor, despite Defendants' arguments, have Plaintiffs been permitted to take a "unilateral extension of time." No tolling has occurred. Defendants' motion for reconsideration states that Plaintiffs have not as of yet even produced an expert report on economic loss. The controversy is thus unripe. If, at some point, Plaintiffs should purport to put forward the report of an expert witness on economic loss, Defendants could then object that the Court should not permit this report, or the expert's testimony, to be entered into evidence because it was not timely disclosed under Fed. R. Civ. P. 26(a)(2)(B). As they have not attempted to do so, a complaint that they might is premature. If a party wishes evidence excluded from consideration, the time to so move must be after another party attempts to present such evidence.[2]

Defendants' objection to the appraisal report is, as they say, that it "falls so short of the Federal Rules of Civil Procedure requirements regarding such reports, that it cannot be considered an expert report." Production of an inadequate or defective report is, again, grounds for a motion to exclude evidence, as would be a belated attempt to amend or ameliorate such a report. A party producing an

---

[2] Defendants cite to *Bowe v. Consolidated Rail Corp.*, 230 F.3d 1357 (6th Cir. 2000), for the proposition that a court can sanction a party under Rule 37(c)(1) for failure to comply with Rule 26(a)(2). This is correct; the decision in *Bowe* was in the context of a party's motion *in limine* to exclude the testimony and report of the untimely-disclosed expert. The sanction granted was such exclusion on grounds of untimeliness, rather than lack of qualification as an expert. *Id.* at *3-4. Plaintiffs here have apparently put forward no report to exclude, and Defendants thus complain of a hypothetical injury.

inadequate report has not violated the case schedule.  It has simply exposed itself to an argument that, as nothing qualifying as an expert report has been produced, the proposed witness should not be permitted to testify as an expert for purposes of Fed. R. Evid. 702.  Defendants may file such a motion *in limine* if they consider it warranted.

The Magistrate Judge correctly denied Defendants' motions for a protective order and to compel interrogatory responses for failure to certify the exhaustion of extrajudicial remedies pursuant to Fed. R. Civ. P. 37(a)(1) and S. D. Ohio Civ. R. 37.2.  The Court accordingly **DENIES** Defendants' motion for reconsideration (Doc. 104).

       s/ Gregory L. Frost
       United States District Judge