IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Harold A. Crozin, Trustee                    :

             Plaintiff                    :          Civil Action 2:10-cv-00581

                                :          Judge Frost

v.                                          :          Magistrate Judge Abel

Crown Appraisal Group, Inc.,
Andrew J. Moye,                             :
Steve Bolton,
                                            :
             Defendants
                                            :

_____  _____  _____

                                            :
IPofA Columbus Works 1, LLC,
John Doherty, Manager,)                     :
John Doherty individually, *et al.*,
                                            :          Civil Action 2:10-cv-00764
             Plaintiffs
                                            :          Judge Frost

   v.                                       :          Magistrate Judge Abel

Crown Appraisal Group, Inc.,
Andrew J. Moye,                             :
Steve Bolton,
                                            :
             Defendants
                                            :

## Discovery Conference Order

On September 14, 2011, counsel for the parties participated in a telephone discovery dispute conference with the Magistrate Judge. During the conference, defendants' August 26, 2011 motion to compel plaintiffs' depositions (docs. 111 and 52) was GRANTED.

Judge Frost's June 20, 2011 Opinion & Order granted defendants' motion to compel

the Doherty plaintiffs to submit to deposition. Despite that order, plaintiffs refused to submit to deposition. They argue that the depositions should be deferred at least until the Court rules on defendants' motion for judgment on the pleadings based on bar by the statute of limitations. The scheduling order makes no provision for taking plaintiffs' depositions after the September 16 deadline for completing all discovery. I cannot say that the depositions will not lead to relevant evidence regarding material disputed facts. Defendants have the right to take all plaintiffs depositions before trial. The deadline for doing so is September 16, 2011.

Defendants seek sanctions. Under Rule 37(b)(2)(C), Fed. R. Civ. P., when a court finds that a party has failed to comply with an order,

> . . . the court . . . must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

A motion is "substantially justified" if it raises an issue about which "there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citations and quotation marks omitted). As noted by the Supreme Court, "the one [connotation] most naturally conveyed by the phrase before us here ["substantially justified"] is not 'justified to a high degree,' but rather 'justified in substance or in the main' — that is, justified to a degree that could satisfy a reasonable person." *Id*.

Here the Doherty plaintiffs' failure to submit to deposition before the September 16 deadline was not substantially justified. Defendants' counsel is ORDERED to provide

plaintiffs' counsel with his clients' itemized expenses in filing the motion within **ten (10) business days.** If plaintiffs contest the reasonableness of the expense, they must file a motion within **ten (10) business days of receiving the itemization.**

<u>Wasting insurance policy</u>. Plaintiffs' request that defense counsel provide them with a statement of the remaining policy amount is GRANTED. Defendants' counsel is ORDERED to do so within **ten (10) business days.** Defendants must update the amount remaining in the policy every ninety (90) days.

The Federal Rules are to be construed in a manner "to secure the just, speedy, and inexpensive determination of every action and proceeding." Rule 1, Fed. R. Civ. P. A party is required to produce "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment . . . ." Rule 26(a)(1)(A)(iv). The Advisory Committee Notes indicate that the purpose of this rule is to encourage informed settlement decisions and to avoid prolonged litigation. The insurance fund is created for the purpose of satisfying legal claims. Disclosure of the policy does not involve a significant invasion of privacy. Advisory Committee Notes, 1970 Amendments. The policy amount is an important policy term that strongly affects settlement evaluation. Consequently, Rule 26(e)(1)(A), Fed. R. Civ. P., requires timely supplementation of the policy amount when the policy is reduced by defense expenses in the case and other claims made against the policy.

Defendants argued that disclosing the information would violate the attorney-client privilege or disclose work product. That is not the case. The amount of attorney fees paid is not privileged. *Vingelli v. U.S., Drug Enforcement Agency*, 992 F.2d 449, 452-54 (2d Cir.

3

1993); *In re Shargel*, 742 F.2d 61 (2d Cir. 1984); *In re Grand Jury Subpoena for William Lathan Osterhoudt*, 722 F.2d 591, 593-94 (9th Cir. 1983); *In re Grand Jury Subpoena (Slaughter)*, 694 F.2d 1258 (11th Cir. 1982); *In re Grand Jury Proceedings, United States v. Jones*, 517 F.2d 666 (5th Cir. 1981); *United States v. Haddad*, 527 F.2d 537 (6th Cir. 1975).

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, on or before **September 21, 2011**, file and serve on the opposing party a motion for reconsideration by the District Judge.  The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/Mark R. Abel_____
United States Magistrate Judge