UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


HAROLD A. CROZIN,

       Plaintiff,                          Case No. 2:10-cv-581
                                              JUDGE GREGORY L. FROST
    v.                                        Magistrate Judge Mark R. Abel

CROWN APPRAISAL GROUP, Inc., et al.,

       Defendants.



JOHN DOHERTY, et al.,

       Plaintiffs,                         Case No. 2:10-cv-764
                                              JUDGE GREGORY L. FROST
    v.                                          Magistrate Judge Mark R. Abel

CROWN APPRAISAL GROUP, Inc., et al.,

       Defendants.

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion for Judgment on the Pleadings Based on Expiration of the Statute of Limitations (ECF No. 36[1]), the Memorandum in Opposition to Defendants' Motion for Judgment on the Pleadings as to Plaintiff Harold A. Corzin, Trustee (ECF No. 40), Plaintiffs' Memorandum in Opposition to Defendants' Motion for Judgment on the Pleadings and Request for Oral Argument (ECF No. 47), Defendants' Reply

---

[1]All docket references made in this Opinion and Order are to the filings in Case Number 2:10-cv-581.

Brief in Support of Motion for Judgment on the Pleadings Based on Expiration of Statute of Limitations (ECF No. 48), Plaintiffs' Surreply Brief in Opposition to the Motion for Judgment on the Pleadings (ECF No. 49), Defendants' Motion for Leave to Supplement their Reply Brief in Support of Motion for Judgment on the Pleadings (ECF No. 50).  For the reasons that follow, the Court **DENIES** Defendants' Motion for Judgment on the Pleadings Based on Expiration of the Statute of Limitations, **STRIKES** Plaintiffs' Surreply Brief in Opposition to the Motion for Judgment on the Pleadings, and **DENIES AS MOOT** Defendants' Motion for Leave to Supplement their Reply Brief in Support of Motion for Judgment on the Pleadings.

## I.  Background

The plaintiffs in this matter are various individual investors in a commercial property located at 6200 East Broad Street in Columbus, Ohio, which is commonly referred to as "Columbus Works."  One group of 29 plaintiffs is referred to as the "Doherty Plaintiffs" and the other group is comprised of two plaintiffs and is referred to as the "Gearhart Plaintiffs."  This action arises out of a March 18, 2005 appraisal of Columbus Works conducted by the defendants.  That appraisal placed the value of Columbus Works at $54,200,000 and was included in the Private Placement Memorandum used by Investment Properties of America to offer for sale tenancy-in-common shares.  The plaintiffs allege that they relied upon this appraisal to invest in Columbus Works when they purchased their respective tenancy-in-common shares.  Together the plaintiffs purchased $25,000,000 in shares.

The plaintiffs allege that they reasonably believed that the defendants had conducted a full and accurate appraisal of Columbus Works and arrived at the opinion of value in accordance with accepted standards of professional appraisals.  The plaintiffs further allege that the

defendants did not employ or comply with the accepted standards for appraising the real estate and the result was that the property was overvalued by approximately $20,000,000.

On August 21, 2009, the plaintiffs filed their complaint against Crown Appraisal in the United States District Court for the District of Massachusetts alleging, *inter alia*, claims of professional malpractice and negligent misrepresentation relating to the defendants' appraisal of Columbus Works. Ultimately, the case remaining before the United States District Court for the District of Massachusetts contained only the Doherty Plaintiffs. That case was transferred to this Court. On December 3, 2009, the Gearhart Plaintiffs, through the bankruptcy trustee Harold Corzin, filed their complaint in an adversary proceeding in the United States Bankruptcy Court for the Northern District of Ohio alleging negligent misrepresentation, negligence per se and civil conspiracy. The Gearhart Plaintiffs' case was ultimately transferred to the United States District Court for the Southern District of Ohio and was consolidated with the Doherty Plaintiffs' case.

The defendants now move for judgment on the pleadings of this consolidated case. That motion is ripe for review

## II. Discussion

The facts the Court relies upon in this Opinion and Order are taken from the complaints, the documents attached to the complaints, and the document attached to Defendants' Reply Brief in Support of Motion for Judgment on the Pleadings Based on Expiration of Statute of Limitations because that document is properly considered part of the complaints. *See Weiner v. Klais and Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (documents may be considered on a motion to

3

dismiss if they are referred to in the plaintiff's complaint and are central to plaintiff's claims).

## A. Motion for Judgment on the Pleadings

### 1. Standard

The Court reviews motions made under Fed. R. Civ. P. 12(c) in the same manner it would review a motion made under Fed. R. Civ. P. 12(b)(6). *Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 761 (6th Cir. 2006). Accordingly, to survive the defendants' motion for judgment on the pleadings, the plaintiffs' complaint must state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

### 2. Investor Plaintiffs

The defendants argue that the Ohio Supreme Court recently held that the four-year statute of limitations for professional negligence against an appraiser starts to run from the date the appraisal was performed. *See Flagstar Bank, FS.B. P. Airline Union's Mortgage Co.*, 128 Ohio St. 3d 529, 529 (Ohio 2011) (answering a "certified-conflict question asking when the statute of limitation begins to run against a property appraiser in a case involving professional negligence"). Under this holding, both the Doherty Plaintiffs and the Gearhart Plaintiffs untimely filed their complaints. The plaintiffs argue, *inter alia*, that the defendants' arguments do not show that Ohio law applies to this action. This Court agrees.

It is not disputed that after the March 2005 appraisal was completed, Crown Appraisal forwarded it to Investment Properties of America, whose business is located in Richmond, Virginia. The Private Placement Memorandum was prepared at the Richmond, Virginia office of

4

Investment Properties of America and distributed from that office to the plaintiffs in their states of residence, none of which was in Ohio.  Therefore, the plaintiffs argue that they are not bound by the Ohio Supreme Court case relied upon by the defendants.  The plaintiffs contend that they have surveyed the law from the ten states involved and found that with the exception of Virginia, which has a five year statute of limitations, all of the states make use of the discovery rule for negligence claims including actionable misrepresentations.  (ECF No. 47 at 8-9) (citing *White v.Peabody Constr. Co.*, 386 Mass. 121 (1982); *Jolly v. Eli Lilly & Co.*, 44 Cal.3d 1103 (1988); *VaSalle v. Celotex Corp.*, 161 Ill.App.3d 808 (1987); *Rescigno v. Picinich*, 151 N.J.Super. 587, 377 A.2d 733 (1977); *Hughes v. Lake Superior & Ishpeming RR CO.*, 263 Mich. App. 417 (2004); *Hays v. City and County of Honolulu*, 81 Hawaii 391, (1996); *Sears, Roebuck and Co. v. Ulman*, 287 Md. 397, (1980); *Brown v. Behles & Davis*, 135 N.M. 180 (2004); *Gladhart v. Oregon Vineyard Supply Co.*, 164 Or App 438 (1999); *Stone v. Ethan Allen, Inc.*, 232 Va. 365 (1986)).  Therefore, the plaintiffs posit that they timely filed their complaints.

The defendants, in their reply memorandum, attach a copy of the contract for purchase of the tenant-in-common shares.  That contract contains a choice of law provision that indicates that any alleged breach of that agreement would be determined by Ohio law.  That contract, however, is between the individual plaintiffs and Investment Properties of America.  Crown Appraisal is not a party to that agreement.  Nor is this dispute related to a breach of that agreement.  Thus, that contract provision does not act to determine the applicable law in this case.

The defendants next argue that under a conflict of laws analysis, Ohio law applies.  The defendants engage in an analysis utilizing Section 187 of the Restatement Second of Conflict of Laws.  That section, however, applies to contracts and is not applicable here.  *See* Restatement of

Law (Second) § 187 ("Chapter 8 - Contracts . . . Validity of Contracts and Rights Created Thereby"). Section 148 of the Restatement, which applies to claims for fraud and/or misrepresentation, is the appropriate section to rely upon in a negligent misrepresentation claim analysis based upon the Restatement. No such argument is currently made before the Court. Whether the defendants relied upon the contract section of the Restatement by mistake or relied upon it because it was more favorable to their desired outcome is not clear. What is clear, however, is that this Court is not taxed with making an argument on a party's behalf. Under the arguments made by the defendants, this Court cannot say that Ohio law is the appropriate law to be applied to the claims presented in the instant action.

Accordingly, the Court **DENIES** Defendants' Motion for Judgment on the Pleadings Based on Expiration of the Statute of Limitations as that motion relates to the individual investment plaintiffs.

### 3.  Plaintiff Harold A. Corzin, Trustee

Plaintiff Corzin opposes judgment on the pleadings based on an extension to the statute of limitations that is provided to bankruptcy trustees. Corzin argues that, assuming *arguendo* that a four-year statute of limitations is applicable to the plaintiffs' claims in this action, Section 108(a) of the Bankruptcy Code provides an additional two years to file a case. *See* 11 U.S.C. § 108; *Stanley v. Trinchard*, 579 F.3d 515, 520 (5th Cir. 2009). The defendants do not address Corzin's argument.

The Court finds Corzin's argument well taken and **DENIES** Defendants' Motion for Judgment on the Pleadings Based on Expiration of the Statute of Limitations as that motion

relates to Plaintiff Harold A. Corzin, Trustee.

**B. Plaintiffs' Surreply Brief in Opposition to the Motion for Judgment on the Pleadings**

On July 23, 2011, the plaintiffs filed a surreply. (ECF No. 49.) This filing is not properly before the Court. The Local Civil Rules permit the filing of a motion and memorandum in support, a memorandum in opposition, and a reply memorandum. S. D. Ohio Civ. R. 7.2(a)(1), (2). The rule specifically states that "[n]o additional memoranda beyond those enumerated will be permitted except upon leave of court for good cause shown." S. D. Ohio Civ. R. 7.2(a)(2). The Court therefore **STRIKES** the plaintiffs' surreply.

**C. Defendants' Motion for Leave to Supplement their Reply Brief in Support of Motion for Judgment on the Pleadings**

The defendants have filed a motion requesting leave to file a supplement to their reply memorandum to inform the Court about the propriety of viewing a document that the defendants attached to their reply memorandum. This Court had already determined that it was appropriate to view the document as part of the pleadings. Consequently, the defendants' request is rendered moot. Accordingly, the Court **DENIES AS MOOT** Defendants' Motion for Leave to Supplement their Reply Brief in Support of Motion for Judgment on the Pleadings.

**D. Oral Argument**

In the plaintiffs' memorandum in opposition to the defendants' motion, the plaintiffs request an oral hearing. Pursuant to the Local Rules Civil Rules, parties may apply to the Court for oral argument if "oral argument is deemed to be essential to the fair resolution of the case because of its public importance or the complexity of the factual or legal issues presented." S. D. Ohio Civ. R. 7.1(b)(2). "If the Court determines argument or a conference would be helpful, the

Court will notify all parties." *Id.* Whether to grant or deny a request for oral argument is left to the sound discretion of the trial court. *See Whitescarver v. Sabin Robbins Paper Co.*, Case No. C-1-03-911, 2006 U.S. Dist. LEXIS 51524, *5-6 (S.D. Ohio July 27, 2006).

In the instant action, the Court finds that oral argument is not deemed to be essential to the fair resolution of Defendants' Motion for Judgment on the Pleadings Based on Expiration of the Statute of Limitations. Accordingly, the Court **DENIES** the plaintiffs' request for oral argument.

### IV.  Conclusion

For the reasons set forth above, the Court **DENIES** Defendants' Motion for Judgment on the Pleadings Based on Expiration of the Statute of Limitations, **STRIKES** Plaintiffs' Surreply Brief in Opposition to the Motion for Judgment on the Pleadings, **DENIES AS MOOT** Defendants' Motion for Leave to Supplement their Reply Brief in Support of Motion for Judgment on the Pleadings, and **DENIES** the plaintiffs' request for oral argument on the defendants' motion.

**IT IS SO ORDERED.**

> **/s/ Gregory L. Frost**
> **GREGORY L. FROST**
> **UNITED STATES DISTRICT COURT**