# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**HAROLD A. CROZIN,**

    **Plaintiff,**                                  **Case No. 2:10-cv-581**
                                                       **JUDGE GREGORY L. FROST**
    **v.**                                                   **Magistrate Judge Mark R. Abel**

**CROWN APPRAISAL GROUP, Inc., et al.,**

    **Defendants.**


**JOHN DOHERTY, et al.,**

    **Plaintiffs,**                                  **Case No. 2:10-cv-764**
                                                       **JUDGE GREGORY L. FROST**
    **v.**                                                 **Magistrate Judge Mark R. Abel**

**CROWN APPRAISAL GROUP, Inc., et al.,**

    **Defendants.**

## OPINION AND ORDER

Before the Court is the Defendants' application for an award of their reasonable expenses, including attorneys' fees, pursuant to this Court's February 6, 2012 Opinion and Order in Case No. 2:10-cv-764. (ECF No. 169.)[1] On Plaintiffs' Motion, this Court convened a hearing on March 29, 2012, to determine the reasonableness of the amount of expenses requested by the Defendants. (ECF Nos. 207, 208.)

---

[1]All ECF references in this Opinion and Order are to the docket in Case No. 2:10-cv-764.

1

For the reasons that follow, this Court **DENIES** the Defendants' fee application and awards nothing.  Even though this Court's previous Order established the propriety of a sanctions award against the Doherty Plaintiffs, Defendants failed to meet their burden to prove the amount of their reasonable expenses incurred in pursuing the depositions that the Doherty Plaintiffs resisted.

## I.  Background

On February 6, 2012, this Court ordered the Doherty Plaintiffs under Fed. R. Civ. P. 37(b)(2)© to pay the reasonable expenses, including attorneys' fees, caused by the Plaintiffs who failed to comply with this Court's previous Order compelling their appearance for depositions. (ECF No. 169, at 6.)  The factual background behind this Court's granting of Defendants' motion for discovery sanctions is chronicled in the Court's Order and need not be repeated here. (*See id.* at 2-5.)  As relevant to the matter presently before the Court, the Order stated:

> Defendant's counsel is **ORDERED** to provide the Doherty Plaintiffs' counsel with his clients' itemized expenses, including attorneys' fees, caused by the Doherty Plaintiffs' failure to comply with this Court's Order compelling their appearance for depositions. Defendants' counsel shall submit these expenses to the Doherty Plaintiffs' counsel within ten business days of this Order.  If the Doherty Plaintiffs contest the reasonableness of the expense, they must file a motion within ten business days of receiving Defendants' itemization, at which time this Court will schedule a hearing to determine the reasonableness of any fee request.

(ECF No. 169, at 6-7.)

As dictated by the above-quoted portion of the Court's Order, Defendants' counsel submitted a fee application to the Doherty Plaintiffs' counsel, seeking payment of $39,627.00 in attorneys' fees for 214.20 hours of attorney time.  (ECF No. 207, at 1.)  As allowed by the Court's Order, the Doherty Plaintiffs asked for a hearing on the Defendants' fee application. (*Id.*)  The Court granted the Plaintiffs' Motion and convened a hearing on March 29, 2012.

2

(ECF No. 208.)

In advance of the hearing, Defendants filed a document styled as a "Memorandum on the Doherty Plaintiffs' Motion to Schedule Hearing on Fee Application." (ECF No. 215.) The Memorandum did not attach a copy of the fee application that prompted the Doherty Plaintiffs' request for a hearing. Instead, the Defendants' Memorandum largely restated the arguments they had raised previously in support of their request for the Court to impose sanctions against the Doherty Plaintiffs. (*See id.* at 1-7.) The Memorandum did not include any affidavits or other evidence to support the $39,627.00 in attorneys' fees that Defendants' counsel requested from the Doherty Plaintiffs. In fact, though Defendants' Memorandum implored the Court to "award Crown the attorney fee's [*sic*] it incurred over the past eight months simply to secure depositions to which Crown was already entitled," the Memorandum did not specify what that amount was.

At the March 29 hearing, Defendants' counsel John M. Heffernan formally informed the Court that he was requesting an award of $39,627.00 — a sum consisting entirely of attorneys' fees — as a reasonable and appropriate Fed. R. Civ. P. 37 sanction. Attorney Heffernan gave an opening statement that laid out the history of the Doherty Plaintiffs' obstinance in making certain of them available for depositions notwithstanding this Court's order compelling their appearance. Attorney Heffernan also argued in his opening statement that the Doherty Plaintiffs had failed to provide any reason why the amount requested in the fee application was "unreasonable."

Attorney Richard B. Reiling appeared at the fee hearing on behalf of the Doherty Plaintiffs. In his opening statement, Reiling contended that Defendants' fee application includes amounts for matters that were unrelated to the deposition issue. Reiling argued that Defendants'

3

counsel should be required to submit a more detailed fee application that included a clearer breakdown of the attorney time that was devoted to the issue on which this Court sanctioned the Doherty Plaintiffs.  Specifically, Reiling took the position that Defendants should be limited to recovery of expenses "solely related to efforts to depose the 11 individuals" who did not submit to their depositions.[2]

The Court gave Attorney Heffernan an opportunity to respond to Reiling's opening statement and to offer any testimony or evidence he had to present.  Mr. Heffernan disputed Reiling's contention that Defendants were entitled to fees only for efforts as to the 11 Doherty Plaintiffs who did not submit to deposition before their dismissal from the case.  Heffernan noted that the discovery issue addressed in the Court's February 6 Order dates back to June 2011, when the Court issued an order compelling the Doherty Plaintiffs to submit to depositions.  Heffernan also repeated his contention that if the Doherty Plaintiffs had a "specific objection" to the items identified in the fee application "it was Plaintiffs' burden to" identify what the objection was.

In addition to his argument, Attorney Heffernan offered "Defendant's Exhibit 1," which is a 29-page spreadsheet document.  The spreadsheet has four columns, showing "Timekeeper" (identified by a code), "Date," "Description" of work, "Time" (in hours or fraction thereof), and "Fee" for each entry.  The entries totaled 214.2 hours of attorney time for a final amount of $39,627.00 ($185.00 per hour).  Exhibit 1 did not include an authenticating affidavit with it, nor did it purport to be a copy of an actual bill sent to Attorney Heffernan's client(s).  Attorney

---

[2]These 11 individuals eventually moved for voluntary dismissal of their claims under Fed. R. Civ. P. 15 and/or 21.  (ECF No. 143.)  This Court granted the motion.  (ECF No. 164.)  Thus, these 11 individuals are no longer parties to the action.

Heffernan did not offer any witnesses to testify to any of the matters contained in Exhibit 1, nor did he attempt to put himself on the witness stand to testify under oath as to the reasonableness of the charges noted in Exhibit 1 or whether his client(s), in fact, incurred the expenses set forth in Exhibit 1. Thus, Exhibit 1 was the only "evidence" offered by Defendants at the attorney-fee hearing.

Without further testimony or evidence, Attorney Heffernan rested his case at the hearing. Attorney Reiling did not call any witnesses on behalf of the Doherty Plaintiffs, but objected to the charges contained in "Defendant's Exhibit 1." Reiling reiterated that it was not clear enough from Exhibit 1 what charges were related to the issue upon which this Court granted sanctions. In particular, Reiling argued that Exhibit 1 was insufficient support for the fee application because it did not segregate time for which depositions *were* taken from time spent pursuing depositions that *were not* taken. Reiling asked that the Defendants' fee application be stricken, with the proviso that Defendants could be allowed to submit a "new fee application" that was more specific.

In his closing argument, Attorney Heffernan denied that Exhibit 1 contained charges related to the taking of depositions of those Doherty Plaintiffs who were actually deposed. To the extent there were charges related to depositions that were taken, Attorney Heffernan argued that those charges reflected time related to *compelling* those depositions. Attorney Heffernan expressly disputed Attorney Reiling's suggestion that Defendants should submit a "new" fee application, arguing that there was no need for further proceedings.

## II. Discussion

The fee applicant bears the burden of establishing entitlement to an attorney-fee award and documenting the appropriate hours expended and hourly rates. *See Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983); *see also Graceland Fruit Inc. v. KIC Chems., Inc.*, 320 F. App'x 323, 328 (6th Cir. 2008). In addition, the applicant bears the burden of proving that the requested monetary award (in this case, nearly $40,000) is reasonable. *See United States v. Ohio*, 474 F. Supp. 2d 916, 920 (S.D. Ohio 2007) (citing *Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir. 1999)). The analysis underlying a determination of whether attorneys' fees are appropriate — and in what amount — is functionally the same in the context of fashioning an appropriate discovery sanction under Fed. R. Civ. P. 37 as it is in other contexts (*e.g.*, fees to a prevailing party under statute or contract). *See Smith v. Atlanta Postal Credit Union*, 350 F. App'x 347, 349 U.S. (11th Cir. 2009) (applying *Hensley* lodestar method to calculate reasonable attorneys' fees as sanction under Rule 37). As such, the analysis has two basic components: determining (1) whether the hours billed were necessary under the circumstances and (2) whether the hourly rate charged is the prevailing market rate in the relevant community. *See United States v. Ohio* at 920-21.

In this case, Defendants ask the Court to award them their attorneys' fees under a "lodestar" calculation, multiplying the number of hours reasonably expended by a reasonable hourly rate. *Graceland Fruit* at 328. Under that calculation, Defendants multiply 214.2 hours by an hourly rate of $185 to reach a figure of $39,627.00. (*See* Defts. Fee Hearing Ex. 1.) The problem with the Defendants' fee application, however, is a basic one: *Defendants submitted no evidence in support of their fee request*. Though Defendants' counsel argued at the hearing that

Plaintiffs have not met their "burden" to substantiate their objections to the amount sought in the fee application, this argument puts the proverbial cart before the horse. It is *not* the opposing party's burden to prove the *unreasonableness* of the fees sought in the fee application. *LeRoy v. City of Houston*, 906 F.2d 1068, 1079 (5th Cir. 1990).

The *fee applicant* bears the initial burden of showing the appropriate hours expended "and *must submit evidence* in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992) (emphasis added). In the discovery sanctions context, this includes the burden of demonstrating the requisite causal relationship between the Rule 37 violation and the activity for which the fees are sought. *See Turnbull v. Wilcken*, 893 F.2d 256, 259 (10th Cir. 1990) (vacating fee award and remanding due to lack of clarity as to the causal connection between the Rule 37 violation and the fees assessed by the district court). The fee applicant also bears the burden of providing "satisfactory evidence" from which the court can determine the reasonable hourly rate. *Blum v. Stenson*, 465 U.S. 886, 895 n.11, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984).

Defendants presented no evidence to meet their burden on any of these issues. Arguably, this failure by Defendants was not fatal to their ability to establish a reasonable hourly rate in the prevailing market, as a district court may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment about the reasonable rate. *See Disabled Patriots of Am., Inc. v. Reserve Hotel, Ltd.*, 659 F. Supp. 2d 877, 885 (N.D. Ohio 2009). And based on this Court's knowledge and experience, the Defendants' requested rate of $185 per hour is within the realm of reasonableness for an attorney of Mr. Heffernan's experience in the relevant market. But whatever judgment this Court may have on the

reasonable rate cannot save the rest of the Defendants' application from a failure of proof. Without evidence, whether by affidavit or witness testimony at the hearing, the Court is left with no evidentiary basis upon which to conclude that the $39,627.00 requested by Defendants is a reasonable award of expenses caused by the Doherty Plaintiffs' discovery violations.

When the Court says it is without evidence upon which to decide the attorney-fee application, the Court means that literally. The only purported "evidence" offered by the Defendants at the attorney fee hearing was the aforementioned Exhibit 1, which Attorney Heffernan submitted as the documentary backup for his fee request. But even that exhibit is not competent evidence, as there was no witness or affidavit to authenticate what it was, what it showed, or even whether Defendants actually incurred (*i.e.*, was billed for) the expenses that Exhibit 1 purported to set forth. For reasons altogether unclear to this Court, Defendants' counsel showed up to the attorney-fee hearing with nothing to present in terms of testimony or other evidence for this Court to consider.

This Court is at a loss as to how Defendants' counsel could have expected to obtain an award of attorneys' fees of any amount, much less an award of nearly $40,000, without submitting *evidence* at a hearing on the Defendants' fee application. It is especially puzzling given that the undersigned judge has posted on the Court's website a list of practice pointers that includes the following guidelines regarding attorney-fee applications:

- **Motion for attorney's fees.** Counsel interested in obtaining attorney's fees should take care to file a timely and properly supported motion. Counsel should take great care to recognize any applicable statutes or rules related to an application for attorney's fees, costs, and expenses.

- **Evidentiary hearing.** The Sixth Circuit has explained that "[e]videntiary hearings are not required in attorney's fees determinations." *Trustees for Michigan Laborers Health Care Fund v. Eastern Concrete Paving Co.*, 948

F.2d 1290, 1991 WL 224076, at *3 (6th Cir. 1991) (unpublished table decision). *See also Bailey v. Heckler*, 777 F.2d 1167, 1171 (6th Cir. 1985) ("[A]n evidentiary hearing is not required in every instance of an application for attorney's fees."). Upon receipt of a motion or application for attorney's fees, however, it is standard practice for Judge Frost to schedule an evidentiary hearing that will take place after the close of briefing. *See Heflin v. Stewart County, Tenn.*, 968 F.2d 1214, 1992 WL 162554, at *2 (6th Cir. 1992) (unpublished table decision) (noting that as a general rule, evidentiary hearings on motions for attorney's fees "are favored"). In a proceeding before any judge, attorney's fees should not be awarded without providing the potentially liable party notice and an opportunity to be heard. See *Campbell v. Gooding*, 786 F.2d 1163, 1986 WL 16496, at *3 (6th Cir. 1986) (unpublished table decision) (citing *Roadway Express v. Piper*, 447 U.S. 752, 767 (1980) (discussing award of attorney's fees as sanction)).

- **Outline of possible standard practice.** No movant should call chambers and ask what evidence Judge Frost would like to receive at the hearing, but such calls are placed on a disconcertingly regular basis. Because the Court is in the business of resolving disputes and not in constructing or dispensing advisory litigation strategy, neither Judge Frost nor his staff will direct counsel how to support a motion for attorney's fees. The following list of considerations reflects one possible approach to pursuing an award of attorney's fees, but it is not a required approach.

    - **Submission of billing records.** Many counsel submit an itemized bill or invoice, including time sheets, with the motion for attorney's fees that is of sufficient detail to permit meaningful review by the Court. Attention should be paid to disclosing the general nature of the work done and those who completed the work.

    - **Supplemental material: Background information, attorney profiles, and descriptions of worker roles.** Counsel may wish to supplement fee applications with supporting affidavits and exhibits. Such material could disclose the identities and qualifications of those who performed the work, including as necessary the education and experience of the worker involved. For example, one firm's "law clerk" may be a law student who performed legal research and writing on a case, while another firm's "law clerk" may be a technology adviser who operated a computer during trial containing deposition testimony. The more information counsel provides to the Court concerning the nature of the work performed and the role and background of those who performed the work, the easier it is for Judge Frost to analyze the

9

      application for fees.

- **Expert witnesses.** Experienced counsel often present testimony from a disinterested live witness as to the reasonableness of the fees sought. The expert, generally an attorney experienced in this market and in the area of practice involved in the litigation, reviews the case and the bill prior to a hearing and offers an opinion as to the necessity of the work, costs, and expenses billed and the reasonableness of the rates charged. This or other witnesses could be questioned as to any apparent duplication of work and the appropriateness of the amount sought in light of the results achieved.

- **Affidavits.** Many counsel submit affidavits in lieu of or to supplement live testimony. Affidavits could be submitted to place bills or supplemental material in the proper context for the Court.

- **Obtaining a sufficient order.** The Sixth Circuit has required "the district court to articulate on the record findings of fact or conclusions of law explaining the court's reasoning and calculations performed to arrive at the fee award, sufficient to permit a meaningful review of the record." *Bailey v. Heckler*, 777 F.2d 1167, 1171 (6th Cir. 1985). Counsel should tailor the fee application and hearing presentation to enable a court to meet this standard.

Shawn Judge, *Pointers for Practicing before the Honorable Gregory L. Frost, United States District Court for the Southern District of Ohio*, 7-9 (Rev. Jan. 2012).[3] Based not only on the prevailing case law governing attorney-fee applications but also on the above-quoted practice pointer publicly available on the Court's website, the Defendants should have had ample notice of how to meet their burden of proof.

  One more observation is in order. At the hearing, the Doherty Plaintiffs' counsel —

---

[3] http://www.ohsd.uscourts.gov/judges/frost/Practice%20Pointers%20revised%202-2012.pdf.

10

perhaps thinking that discretion was the better part of valor when representing the sanctioned parties at an attorney-fee hearing — proposed that this Court order the Defendants to submit a more "detailed" fee application that more clearly set forth which time entries in Exhibit 1 were related to the issue upon which this Court sanctioned the Doherty Plaintiffs.  The relief requested by the Doherty Plaintiffs' counsel, if accepted by the Court, would have resulted in a second fee application being submitted, followed by another hearing before the Court to address objections to the amount claimed.  Thus, the Doherty Plaintiffs were suggesting, ironically, that Defendants be given a mulligan on proving the amount of attorneys' fees.

      The Court declines to adopt the Doherty Plaintiffs' suggestion.  In doing so, this Court (also ironically) heeds the argument made by the Defendants' counsel during the March 29 hearing.  Defendants' counsel opposed the Doherty Plaintiffs' proposed relief, taking the position that there was no reason that the Court could not (and should not) render its decision following the hearing already had.  On this point, the Defendants are correct that this Court need not prolong the attorney-fee determination for another fee application and another hearing.  There was nothing preliminary about the hearing this Court convened on March 29, 2012: pursuant to the terms of this Court's Feburary 6 Order and Opinion, there was to be (if necessary) "a hearing to determine the reasonableness of any fee request."  (ECF No. 169, at 7.) That the Defendants failed to meet their burden of proof at the March 29 hearing does not mean this Court should set another one.

### III. Conclusion

This Court agreed with Defendants that the Doherty Plaintiffs engaged in sanctionable conduct under Fed. R. Civ. P. 37(b)(2)(C) by failing to comply with this Court's discovery orders. Defendants failed, however, to complete the next step of meeting their burden of proving the amount of attorneys' fees sought as the "reasonable expenses" caused by the Doherty Plaintiffs' failure to comply. While this Court has little doubt that Defendants incurred *some* expense caused by the conduct for which the Doherty Plaintiffs were sanctioned, the Court cannot fashion an award out of thin air. Defendants had a burden of proof on the attorney-fee issue that they simply failed to meet by inexplicably failing to support their attorney-fee application with any competent evidence whatsoever.

For the foregoing reasons, Defendants' application for attorneys' fees pursuant to this Court's previous Order granting sanctions (ECF No. 169) is **DENIED**.

**IT IS SO ORDERED**.

           **/s/ Gregory L. Frost**
           **GREGORY L. FROST**
           **UNITED STATES DISTRICT JUDGE**